ALEXANDER GOLOVETS, California SBN 319748
Email: a@golovets.com
PETER J. TORMEY, California SBN 269869
Email: PT@AnTLegal.com
GUIDED GROWTH LEGAL
101 Gregory Lane  #46
Pleasant Hill, CA 94523
Telephone:  (925) 483-2210

Attorneys for Plaintiff PRO-TROLL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO-TROLL, a California Corporation,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>TIMOTHY CRONK, an individual, a Washington resident dba X2 FISHING; AXIS WHOLESALE LLC, a Washington limited liability company, and DOES 1 – 10.<br><br>　　　Defendants. | CASE NO.:  3:25-cv-6039<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONSHIPS**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff PRO-TROLL, by and through its attorneys, alleges as follows:

### THE PARTIES

　　　1.　　Plaintiff PRO-TROLL ("Plaintiff"), is a corporation organized and existing under the laws of the State of California, having its principal place of business in the City of Lafayette, County of Contra Costa, State of California. Plaintiff does business in the Northern District of California.

　　　2.　　Upon information and belief, defendant TIMOTHY CRONK ("Cronk") is a Washington state resident doing business as X2 FISHING ("X2"), having its principal place of business in the City of Ranier, State of Washington. Defendant Cronk and X2 do business in the Northern District of California.

　　　3.　　Upon information and belief defendant AXIS WHOLESALE LLC ("AXIS") is a

1  Washington based business having its principal place of business in the City of Ranier, State of
2  Washington. Defendant AXIS does business in the Northern District of California.

3      4.    Jointly, Cronk, X2, and AXIS referred hereto as Defendants.

## JURISDICTION AND VENUE

5      5.    This action is for patent infringement and tortious interference with prospective
6  economic relationships.

7      6.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.
8  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction
9  over the pendent state law claim under 28 U.S.C. § 1367. These claims derive from a common
10 nucleus of operative facts and are so related that they form part of the same case or controversy.

11     7.    Venue is proper in the Northern District of California under 28 U.S.C. § 1391.

12     8.    This Court has personal jurisdiction over Defendants. Defendants conduct business
13 within the State of California and within this judicial district.

14     9.    Defendants, directly or through intermediaries, distribute, offer for sale, sell, and
15 advertise their products and services in the United States, the State of California, and the Northern
16 District of California.

## INTRADICT ASSIGNMENT

18     10.    This is an Intellectual Property Action to be assigned on a district-wide basis pursuant
19 to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

21     11.    PLAINTIFF develops, produces and sells fishing products throughout the United
22 States and worldwide.

23     12.    United States Design Patent No. D810,229 S, entitled "FISHING FLASHER"
24 ('0229) was duly and legally issued on February 13, 2018 to Plaintiff as the Assignee of inventor
25 Richard B. Pool. A copy of the '0229 Design Patent is attached hereto as **Exhibit A**.

13. The '0229 Design Patent has been in full force and effect since its issuance.

14. United States Design Patent No. D860,379 S, entitled "LIGHTED FISHING LURE" ('379) was duly and legally issued on September 17, 2019 to Plaintiff as the Assignee of inventor Richard B. Pool. A copy of the '379 Design Patent is attached hereto as **Exhibit B**.

15. The '379 Design Patent has been in full force and effect since its issuance.

16. United States Design Patent No. D866,704, entitled "LIGHTED FISH ATTRACTOR" ('704) was duly and legally issued on November 12, 2019 to Plaintiff as the Assignee of inventor Richard B. Pool. A copy of the '704 Design Patent is attached hereto as **Exhibit C**.

17. The '704 Design Patent has been in full force and effect since its issuance.

18. United States Design Patent No. D916,229 S, entitled "LIGHTED FISHING LURE" ('6229) was duly and legally issued on February 13, 2018 to Plaintiff as the Assignee of inventor Richard B. Pool. A copy of the '6229 Design Patent is attached hereto as **Exhibit D**.

19. The '6229 Design Patent has been in full force and effect since its issuance.

20. Defendants are competitors in the industry that manufactures, distributes and sells fishing products. Defendants' fishing products include flashers sold under the names Magic Series, Shark Tooth Magic Flashers, Springer Dinger, and others. Defendants sell these fishing products through its website at http://www.x2fishing.com.

21. Defendants' Magic Series and Shark Tooth Magic flashers incorporate all non-functional features of the '0229, '379, '704, and '6229 Design Patents. Moreover, Defendants' Magic Series and Shark Tooth Magic flashers appear, from most aspects, nearly identical.

22. On February 19, 2025, Plaintiff sent, and Defendants thereafter received, a cease-and-desist letter which identified the aforementioned patents. This letter stated that Plaintiff owned the aforementioned patents, and a copy of this letter is attached hereto as **Exhibit E**.

## COUNT I – DEFENDANT'S INFRINGEMENT

## OF THE '0229 DESIGN PATENT

23. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

24. Plaintiff has provided and Defendants have received actual notice of the '0229 Design Patent.

25. Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of the claims of the '0229 Design Patent in violation of 35 U.S.C. § 271 *et seq*. Upon information and belief, Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the names "Magic Series", "Shark Tooth Magic Flashers", "Springer Dinger", and others.

26. Defendants will continue to infringe the '0229 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

27. As a result of Defendants' infringement of the '0229 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

28. Because Defendants have continued their activities after receiving actual notice of the '0229 Design Patent from Plaintiff, Defendants' infringement is willful. As a result, Plaintiff is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

///

## COUNT II – DEFENDANT'S INFRINGEMENT

## OF THE '704 DESIGN PATENT

29. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 28 above and incorporates them by reference.

30. Plaintiff has provided and Defendants have received actual notice of the '704 Design Patent.

31. Defendants have directly infringed, and/or have induced others to infringe, and/or has committed acts of contributory infringement of the claims of the '704 Design Patent in violation of 35 U.S.C. § 271 *et seq*. Upon information and belief, Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the names "Magic Series", "Shark Tooth Magic Flashers", "Springer Dinger", and others.

32. Defendants will continue to infringe the '704 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendant, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

33. As a result of Defendants' infringement of the '704 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

34. Because Defendants have continued its activities after receiving actual notice of the '704 Design Patent from Plaintiff, Defendants' infringement is willful. As a result, Plaintiff is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as

exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## COUNT III – DEFENDANT'S INFRINGEMENT
## OF THE '379 DESIGN PATENT

35. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 34 above and incorporates them by reference.

36. Plaintiff has provided and Defendants have received actual notice of the '379 Design Patent.

37. Defendants have directly infringed, and/or has induced others to infringe, and/or have committed acts of contributory infringement of the claims of the '379 Design Patent in violation of 35 U.S.C. § 271 *et seq*. Upon information and belief, Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the names "Magic Series", "Shark Tooth Magic Flashers", "Springer Dinger", and others.

38. Defendants will continue to infringe the '379 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

39. As a result of Defendants' infringement of the '379 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

40. Because Defendants have continued their activities after receiving actual notice of the '0229 Design Patent from Plaintiff, Defendants' infringement is willful. As a result, Plaintiff is

further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## COUNT IV – DEFENDANT'S INFRINGEMENT OF THE '6229 DESIGN PATENT

41. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 38 above and incorporates them by reference.

42. Plaintiff has provided and Defendants have received actual notice of the '6229 Design Patent.

43. Defendants have directly infringed, and/or has induced others to infringe, and/or have committed acts of contributory infringement of the claims of the '0229 Design Patent in violation of 35 U.S.C. § 271 *et seq*. Upon information and belief, Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the names "Magic Series", "Shark Tooth Magic Flashers", "Springer Dinger", and others.

44. Defendants will continue to infringe the '6229 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

45. As a result of Defendants' infringement of the '6229 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

46. Because Defendants have continued its activities after receiving actual notice of the

'6229 Design Patent from Plaintiff, Defendant's infringement is willful. As a result, Plaintiff is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## COUNT V – TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC RELATIONSHIPS

47. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 46 above and incorporates them by reference.

48. There is an economic relationship between Plaintiff and purchasers of fishing equipment, and there exists a probability of future economic benefit to Plaintiff from these purchasers.

49. Defendants have knowledge of this relationship.

50. Defendant intentionally engaged in acts that were designed to and which did disrupt this relationship, and Plaintiff has been harmed as a result.

51. Defendants' acts were beyond those of a mere competitor securing business for itself and, as discussed herein, were independently unlawful or illegitimate.

52. Defendants' actions were willful, wanton, malicious, oppressive, and undertaken with intent to harm Plaintiff, and such actions justify the award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an order:

A. That Defendants has infringed the '0229, '704, '379, and '6229 design patents under 35 U.S.C. §§ 271 *et seq.*;

B. Preliminarily and permanently enjoining Defendants and all persons or entities acting in concert or participation with Defendant from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the aforementioned design patents.

C. Directing Defendants to destroy all marketing material under Defendants' control that market any product infringing the aforementioned patents;

D. Directing Defendants to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of goods as described in this Complaint, including prejudgment interest thereon;

E. Awarding Plaintiff all damages caused by the acts forming the basis of this Complaint, together with interest thereon;

F. Based on Defendants' willful infringement of the aforementioned patents, ordering that Plaintiff be awarded treble damages pursuant to 35 U.S.C. § 284;

G. Ordering Defendants to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to the statutes cited herein;

H. Based on Defendants' willful and deliberate conduct, and to deter such conduct in the future, awarding punitive damages; and

I. Granting any such further relief in Plaintiff's favor as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 18, 2016                                Guided Growth Legal

                                                    By: /s/ Alexander Golovets
                                                        ALEXANDER GOLOVETS
                                                        Attorney for Plaintiff
                                                        PRO-TROLL , Inc.