UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PRO-TROLL,

          Plaintiff,

     v.

TIMOTHY CRONK, et al.,

          Defendants.

Case No.  25-cv-06039-PHK

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF DEFENDANTS BY PUBLICATION**

Re: Dkt. 12

This matter is before the Court on an *ex parte* motion filed by Plaintiff Pro-Troll ("Plaintiff"), requesting authorization to serve Defendants Timothy Cronk ("Mr. Cronk") and Axis Wholesale LLC ("Axis") by publication.  [Dkt. 12].  The Court deems the matter suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).  For the reasons discussed herein, the motion is **DENIED WITHOUT PREJUDICE**.

## RELEVANT BACKGROUND

On July 17, 2025, Plaintiff filed the Complaint in this lawsuit against Defendants, asserting claims for patent infringement and tortious interference with prospective economic relationships.  [Dkt. 1].  On July 23, 2025, the Clerk of Court issued summonses as to both Mr. Cronk and Axis.  [Dkt. 5].

Service Attempts on Mr. Cronk

Plaintiff, through process servers, attempted to personally serve the summons and Complaint on Defendant Cronk, on two separate occasions, at Mr. Cronk's purported home address, 107 Crimson Court Southeast, Rainier, WA 98597.  [Dkt. 12 at 2].  Neither of those attempts proved successful.  *Id.*

With regard to the first service attempt on August 21, 2025, the process server reported: "No answer, dark and quiet. Vehicles with plates 15054C and D20428E in driveway." [Dkt. 12-3].

With regard to the second service attempt at Mr. Cronk's home on August 24, 2025 by a different process server, the process server reported: "Resident (white, male, 50s-60s) stated Tim Jr doesn't reside here. The female who answered the door called out for Tim and the person I spoke to may have been Tim Sr. He would not give his name. The man I spoke to was very curious about the papers." [Dkt. 12-4].

Process servers subsequently attempted to serve Defendant Cronk on six separate occasions, at his purported place of employment, 11432 Vail Road Southeast, Yelm, WA 98597. [Dkt. 12 at 2-4]. Those attempts were also unsuccessful. *Id.*

With regard to the first service attempt of Mr. Cronk at the 11432 Vail Road address on August 28, 2025, the process server reported: "Per employee at Pacific Point Auto Sales, Timothy Cronk is the owner but has gone home for the day, [sic] Per owner of the property Cronk does not live in any of the houses or trailers on the property and only is tenant of business in front." [Dkt. 12-5].

With regard to the second service attempt of Mr. Cronk at the 11432 Vail Road address on September 4, 2025, the process server reported: "Business closed. Attempted at 11428. No answer, quiet, blinds closed. Your order is on hold. Please advise how to proceed." [Dkt. 12-6].

With regard to the third service attempt of Mr. Cronk at the 11432 Vail Road address on September 9, 2025, the process server reported: "Spoke to landlord on a previous attempt on 8/28 who stated Timothy Cronk works at Pacific Point Auto sales (right side of business) closed/door locked no answer to knocking, called phone number on the business awning 360 338 2818, spoke to a Timothy Cronk Jr. who stated he is not the defendant in this case and no one at this address is associated with X2 Fishing." [Dkt. 12-7].

With regard to the fourth service attempt of Mr. Cronk at the 11432 Vail Road address on September 15, 2025, the process server reported: "Address contains two businesses. Per man in TK auto repair, when asked for defendant, told me to check at the house just to the north. A man

there said defendants [sic] business is the one on the right, Pacific point auto sales, but said he didn't appear to be in today.  No answer dark and quiet there." [Dkt. 12-8].

With regard to the fifth service attempt of Mr. Cronk at the 11432 Vail Road address on September 16, 2025, the process server reported: "Attempted at Pacific Point Auto Sales. 'Open' sign is lit up but door locked, dark inside." [Dkt. 12-9].

With regard to the sixth and final service attempt of Mr. Cronk at the 11432 Vail Road address on September 17, 2025, the process server reported: "Attempted at Pacific Point Auto Sales.  'Open' sign is lit up but door locked, dark inside."  [Dkt. 12-10].

Service Attempt on Axis

On August 19, 2025, Plaintiff attempted to serve Defendant Axis pursuant to California Code of Civil Procedure § 415.50, by mailing copies of the summons and Complaint to the principal place of business listed for Axis with the Washington Secretary of State: 107 Crimson Ct. SE, Rainier, WA, 98576-4000.  [Dkt. 12-12].  That mail was returned as undeliverable on September 26, 2025.  [Dkt. 12-11].  Axis does not currently have an agent for service of process. [Dkt. 12-13].  Plaintiff has made no further service attempts as to Axis.

Plaintiff now moves the Court for permission to effectuate substitute service on both Defendants by publication under California Code of Civil Procedure § 415.50.  [Dkt. 12].

**LEGAL STANDARD**

Service of a complaint is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(h) authorizes service of a domestic corporation located in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e), in turn, provides that a plaintiff may serve process on an individual located within the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

California, the forum state here, permits five basic methods of service: (1) personal delivery, *see* Cal. Code of Civ. Proc. § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"), *see id.* § 415.20; (3)

United States District Court
Northern District of California

service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.  Cal. Code of Civ. Proc. §§ 415.10, 415.20, 415.30, 415.40, 415.50.  Under Section 413.30 of the California Code of Civil Procedure (CCP), a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served."  Under CCP Section 413.30, courts in this District have authorized service by email.  *TH-Orange Cnty. Inc. v. Valdez*, No. 17-cv-01911-LB, 2017 WL 2171185, at *1 (N.D. Cal. May 17, 2017) (collecting cases).

California law permits service by publication "if upon affidavit it appears to the satisfaction" of the presiding court that: (1) the "party to be served cannot with reasonable diligence be served" in another acceptable manner; and (2) "[a] cause of action exists against the party."  Cal. Code of Civ. Proc. § 415.50(a).

"The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."  *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (Cal. 1995) (quoting *Vorburg v. Vorburg*, 18 Cal. 2d 794, 797) (1941)).  "In determining whether a plaintiff has exercised 'reasonable diligence,' the court examines the affidavit to see whether the plaintiff 'took those steps [which] a reasonable person who truly desired to give notice would have taken under the circumstances.'"  *United States v. Benson*, No. 19-cv-05454-TSH, 2019 WL 6612246, at *2 (N.D. Cal. Dec. 5, 2019) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Cal. Ct. App. 1978)).  Although "no single formula nor mode of search can be said to constitute due diligence in every case," *Donel*, 87 Cal. App. 3d at 333, "[a] number of honest attempts to learn defendant's whereabouts . . . by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office . . . are generally sufficient." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (Cal. Ct. App. 1996); *see also Entrepreneur Media, Inc. v. Doe*, No. 8:19-cv-01706-JLS-JDE, 2020 WL 2089485, at *2 (C.D. Cal. Mar. 4, 2020).

If a party's application for alternative service meets the conditions specified in § 415.50(a),

4

the court "shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." *Id.* § 415.50(b).  Additionally, the service must meet the requirements of California Government Code § 6064, which provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064; *see also* Cal. Code of Civ. Proc. § 415.50(c) ("Service of a summons in this manner is deemed completed as provided in Section 6064 of the Government Code.").

Under California law, "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (Cal. Ct. App. 2018) (citations omitted).  "Personal service remains the method of choice under the statutes and the constitution," and "[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." *Id.* (citations omitted).

A federal district court may order alternative means of service under California law when a plaintiff's "reasonable attempts to effect service via expressly sanctioned techniques have failed." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-cv-08284-MCS-KS, 2022 WL 2189360, at *1 (C.D. Cal. May 19, 2022); *see also* Cal. Civ. P. Code § 413.30 (authorizing court to "direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court").  Any alternative service must comport with due process such that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Additionally, the party must submit proof of service to the court by the server's affidavit.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the

server's affidavit.").

**ANALYSIS**

Plaintiff seeks permission to serve both named Defendants, Mr. Cronk and Axis, by publication. Plaintiff argues that such service is warranted because "[d]ue diligence efforts" to serve Mr. Cronk and Axis "were unsuccessful." [Dkt. 12 at 5]. However, the Court finds that Plaintiff has not adequately demonstrated that the requirements of California Code of Civil Procedure § 415.50 have been met.

Reasonable Diligence

Turning to the first factor, the Court is not persuaded that Plaintiff has shown the requisite level of reasonable diligence in attempting to serve either Defendant.

As to Mr. Cronk, Plaintiff has made a total of eight personal service attempts. The first two attempts were made at Mr. Cronk's purported residence; the remaining six attempts were made at his purported place of business. However, Plaintiff fails to provide any evidence of the steps it, or its process servers, have taken to identify additional alternative addresses for Mr. Cronk. Nor does Plaintiff provide evidence of other methods of attempted service. *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 301 (S.D. Cal. 2020); *Hernandez v. Srija, Inc.*, No. 19-cv-01813-LB, 2019 WL 4417589, at *3 (N.D. Cal. Sept. 16, 2019). For instance, Plaintiff does not state whether it has an email address for Mr. Cronk, or if so, whether it tried to contact him via that address. *See THC-Orange Cnty.*, 2017 WL 2171185, at *3 (finding a failure to demonstrate reasonable diligence where the plaintiff did not indicate whether they had attempted to contact the defendant via email).

Nor has Plaintiff produced evidence of any business and property record searches it performed, social media platform searches it ran, investigation of the voter's register, or review of city and telephone directories it conducted. *See Kott*, 45 Cal. App. 4th at 1137. Additionally, Plaintiff has not demonstrated multiple honest attempts to learn Mr. Cronk's location by inquiry of relatives, friends, and acquaintances, or of his employer. *Id.* At best, the record demonstrates one conversation between the process server and persons who may have been Mr. Cronk's parents (without indication whether the process server asked those persons where Mr. Cronk resides or

6

United States District Court
Northern District of California

could be found), and one telephone call with an unknown person who answered Mr. Cronk's business' telephone number (again without indication as to how or whether the process server asked that unidentified person how to locate Mr. Cronk).

Further, Plaintiff has not shown that it explored (much less exhausted) other ways to locate Mr. Cronk, that it made any additional attempts to gather more information regarding Mr. Cronk's whereabouts, or that it even tried to confirm Mr. Cronk's place of residence. *See Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (holding that attempting personal service four times over four days and sending "packages" via certified mail to one address did not exhaust the "myriad other options available" required for a finding of reasonable diligence, such as "searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator"); *cf. Macias v. Fasail*, No. 19-CV-00728-LHK, 2020 WL 2542028, at *3-4 (N.D. Cal. May 19, 2020) (finding upwards of nineteen service attempts at multiple locations adequate).

As to Axis, the record shows that Plaintiff has made only one attempt at service. The record is devoid of any further efforts to locate Axis's current mailing or business address. The lack of effort here does not rise to the requisite level of diligence required under California law. *See Donel*, 87 Cal. App. 3d at 333 (holding that, where an attorney only employed one method to locate a defendant, the attorney had not exercised reasonable diligence as a matter of law prior to applying to the court for permission to serve by publication).

Affidavit

A plaintiff seeking to serve a summons and Complaint by publication must demonstrate "upon affidavit" that "[a] cause of action exists against the party upon whom service is to be made[.]" Cal. Civ. P. Code § 415.50(a)(1). The plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" *Robinson v. Gonzalez¸* No. 24-cv-06247-TSH, 2025 WL 517041, at *2 (N.D. Cal. Feb. 7, 2025) (quoting *Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)). "The declaration must be signed by someone with personal knowledge of the essential facts." *Operating Engineers Health & Welfare Tr. Fund v. Mercoza*,

No. 24-cv-03007-LB, 2024 WL 3875783, at *3 (N.D. Cal. Aug. 16, 2024) (citing *Cummings*, 2016 WL 4762208, at *3). "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Cummings*, 2016 WL 4762208, at *3. "An application for an order of publication *must* be accompanied by an affidavit stating facts from which the trial court can draw the conclusion that the plaintiff has a cause of action against the defendant. This is a jurisdictional prerequisite to the issuance of an order of publication." *Rios v. Singh*, 65 Cal. App. 5th 871, 884 (Cal. Ct. App. 2021) (emphasis added).

Here, Plaintiff's supporting affidavit addresses only the issue of reasonable diligence. *See* Dkt. 12-1. As such, Plaintiff failed to submit the legally required affidavit to demonstrate that "[a] cause of action exists" against either Defendant. This defect further warrants denial of Plaintiff's motion.

Failure to Identify Intended Publication

Finally, Plaintiff has neither specified which newspaper it intends to publish the summonses in, nor adequately demonstrated that the chosen newspaper "is most likely to give actual notice to the party to be served" as required by section 415.50(b). *See* Cal. Code of Civ. Proc. § 415.50(b) ("The court shall order the summons to be published in a *named* newspaper. . . . If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside of this state that is most likely to give actual notice to the party."); *Peterson v. United States*, No. EDCV 15-00143-AB (RAO), 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) (denying motion for alternative service in part because plaintiff "provided a list of newspapers to effect service by publication" but did not show "that publication in these newspapers are most likely to give actual notice" to defendants or that "they are likely to reside in the areas where these newspapers are disseminated").

Absent this legally required information (particularly where Defendants are apparently located outside of California), the Court finds Plaintiff has not sufficiently demonstrated that service by publication is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

On the record presented, then, Plaintiff has failed to demonstrate that the "last resort" option of service by publication is warranted as to either Defendant.  Accordingly, for all the reasons discussed herein, Plaintiff's motion for service by publication is **DENIED WITHOUT PREJUDICE**.

Because Plaintiff has already had months in which to attempt to effectuate service, the original 90-day deadline for service has passed.  *See* Fed. R. Civ. P. 4(m).  Accordingly, Plaintiff **SHALL** effect service on Defendants (or obtain formal waiver of service), in accordance with Federal Rule of Civil Procedure 4, by no later than **April 21, 2026**.

The Initial Case Management Conference set for April 2, 2026 is **VACATED** and shall be reset at a later date once all Parties have entered appearance.

**IT IS SO ORDERED.**

Dated:  February 20, 2026

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

9